IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT N. SMITHBACK, ) | |
| ID # 1080109, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:06-CV-1419-P (BH) |
| ) | ECF |
| NATHANIEL QUARTERMAN, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I.  BACKGROUND**

On August 8, 2006, the Court received an Application for Writ of Habeas Corpus filed by petitioner pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. (Pet. at 1.)  Petitioner also submitted an application to proceed *in forma pauperis* without the requisite certificate of inmate trust account.  On August 12, 2006, the Court issued a Notice of Deficiency and Order wherein it notified petitioner of the deficient application, and directed that he submit the certificate.  Furthermore, although the Court recognized that petitioner purports to bring the instant action pursuant to § 2241, it notified him that his petition lacked relevant information requested on the standard form used for actions filed pursuant to 28 U.S.C. § 2254, and thus directed petitioner to complete and return such standard form.  The Court ordered petitioner to correct these deficiencies within thirty days.

On August 23, 2006, the Court received petitioner's notice of intention to amend to add civil rights claims pursuant to 42 U.S.C. § 1983 in addition to his habeas claims. On that same date, petitioner paid the $350.00 filing fee for such a § 1983 action, but the fee was not reflected on the docket for this matter due to a docketing error. On August 25, 2006, the Court received an amended petition filed on the standard § 2254 form, wherein petitioner specifically challenges his October 2, 2001 conviction in Cause No. F01-73701-TR for aggravated sexual assault of a child, and also indicates that he seeks to amend his habeas application to seek relief under § 1983. The amended petition raises four claims: (1) denial of right to trial by jury; (2) conviction obtained by a unlawfully induced plea; (3) conviction obtained by used of a coerced confession; and (4) conviction obtained by the State's failure to disclose evidence favorable to him.

On August 28, 2006, the Court denied petitioner's request to amend this habeas action to assert § 1983 claims. It informed him that, "[i]f he desires to pursue claims under 42 U.S.C. § 1983, the proper procedure is to commence a separate civil action by filing a complaint under that statute with the $350 filing fee for such actions."

On August 30, 2006, the Court received a motion for leave to amend wherein petitioner indicated his desire to supplement this habeas action with claims under 42 U.S.C. §§ 1983, 1985, and 1986, thus transforming this habeas action in large part to a non-habeas, civil action against nineteen defendants, including Nathaniel Quarterman, the respondent in this habeas action. On August 31, 2006, the Court received a motion for preliminary injunction and a motion to transfer documents.

On September 1, 2006, the Court denied the August 30, 2006 motion for leave to amend. On September 25, 2006, it received a "Notice of Error and Motion for Inquary [sic]" wherein

2

petitioner argued that he paid a $350.00 filing fee and asked the Court to conduct an inquiry into the missing fee payment.[1] He further requested that the Court "make the proper disposition, severing Petitioner's Civil Rights claims, and open a new Civil Action so that justice may be administered properly." On that same date, the Court received "Petitioner's First Motion for Leave to Amend Application" wherein petitioner submits that he filed the instant action to obtain habeas relief from a final felony conviction based upon four grounds for relief, two of which he concedes are unexhausted and thus non-actionable in this action. He asks for leave to amend his petition so that he may pursue the following previously exhausted habeas claims: (1) conviction obtained by a unlawfully induced plea; (2) ineffective assistance of counsel during plea proceedings; and (3) conviction obtained by the State's failure to disclose evidence favorable to him.

## II.  IN FORMA PAUPERIS

Although petitioner has moved to proceed *in forma pauperis* in this habeas action, he has not submitted the requisite certificate of inmate trust account. Nevertheless, by paying $350.00 as a filing fee for his attempt to transform this habeas action into a mixed habeas/civil rights action, petitioner has paid more than the $5.00 filing fee for this habeas action. Consequently, the $5.00 filing fee will be deducted from $350.00 filing fee, and petitioner's request to proceed *in forma pauperis* is denied as moot.

---

[1] The inquiry revealed a docketing error, which resulted in the fee payment not being reflected on the docket sheet until September 28, 2006. The fee is docketed as Receipt # DS003457.

### III.  FILING FEE AND REQUEST TO SEVER

Petitioner has paid $350.00 in apparent anticipation that the Court would grant his request to amend the instant habeas action to include claims filed pursuant to 42 U.S.C. § 1983.  The Court, however, has denied such requests to amend.   Petitioner now asks that the Court sever his civil rights claims into a new civil action so that justice may be administered properly.  Justice, however, does not necessitate the requested severance. Severance appears unnecessary because the Court has not allowed petitioner to amend his habeas petition so that he may pursue civil rights claims in this action.  Moreover, the Court can adequately avoid any injustice associated with the overpayment of the filing fee in this habeas action by directing that the excess fee payment, *i.e.*, $345.00, be put toward the filing fee for a properly filed civil action.  Consequently, the Court denies the request for severance.

The Court hereby orders the Clerk of the Court to hold the excess $345.00 for a properly filed civil action.  To the extent that petitioner wishes to proceed with a civil action, he must pay the remainder of the $350.00 filing fee, *i.e.*, $5.00 (with a specific reference to Receipt # DS003457 to alert the Clerk's Office of the prior payment of $345.00) and file a § 1983 action on the standard form for such actions within thirty days of the date of the order accepting these findings.  If petitioner does not wish to proceed with a civil action, he must advise the Clerk of the Court of this in writing within thirty days of the date of the order accepting these findings.  Upon receipt of such notice, the Clerk's Office shall refund to him the prior payment of $345.00.

### IV.  NATURE OF ACTION

Petitioner challenges his October 2, 2001 state conviction in Cause No. F01-73701-TR for aggravated sexual assault.  Section 2254 specifically governs any challenge to petitioner's state con-

4

viction. Petitioner has not shown that § 2241 governs his habeas petition. By attempting to proceed under § 2241, petitioner merely seeks to avoid the applicable statute of limitations and § 2254's prohibition on filing successive petitions. However, a petitioner may not utilize § 2241 merely to avoid the various provisions specifically applicable to § 2254 actions. *See, e.g.*, *Branch v. Dretke*, No. 3:03-CV-2607-H, 2004 WL 1877798, at *1 (N.D. Tex. Aug. 20, 2004), *accepted by* 2004 WL 1960192 (N.D. Tex. Sept. 2, 2004). The Court thus considers this action to arise under § 2254, not § 2241.

## V.  PRIOR FEDERAL HABEAS PETITIONS

Petitioner previously challenged his October 2, 2001 state conviction in Cause Nos. 3:01-CV-1901-L and 3:03-CV-2896-H. The Court dismissed the former action without prejudice for petitioner's failure to exhaust state remedies and dismissed the latter action with prejudice because petitioner had filed it outside the one-year period of limitations. The latter action raised five claims: (1) his conviction was obtained by an unlawfully induced plea; (2) his conviction was obtained by the State's failure to disclose evidence favorable to him; (3) ineffective assistance of counsel; (4) denial of right to appeal; and (5) no evidence supports the conviction.

Because petitioner has filed previous habeas petitions, the Court must determine whether the instant petition is successive within the meaning of 28 U.S.C. § 2244(b).

## VI.  SECOND OR SUCCESSIVE APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. Under Fifth Circuit precedent, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or

could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003); *accord United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).[2] A petition that is literally second or successive, however, is not a second or successive application for purposes of AEDPA if the prior dismissal is based on prematurity or lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." 523 U.S. at 645.

In this case, petitioner has previously filed two relevant federal petitions. Although the Court dismissed one of these petitions for lack of exhaustion, it dismissed the other petition as untimely. A dismissal based on untimeliness is not the type of procedural dismissal that would make a later-filed petition non-successive. *See Villanueva v. United States*, 346 F.3d 55, 62 (2d Cir. 2003); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). "[A] prior untimely petition . . . count[s] because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims."

---

[2] Although the Fifth Circuit Court of Appeals decided *Orozco-Ramirez* in the context of a motion to vacate under 28 U.S.C. § 2255, it also found it appropriate to rely upon cases decided under 28 U.S.C. § 2254 in reaching its decision. *See* 211 F.3d at 864 n.4. In the present context, this Court also finds it appropriate to make no distinction between cases decided under § 2255 and those under § 2254.

6

*Altman*, 337 F.3d at 766. Under *Orozco-Ramirez* and *Crone*, petitioner was therefore required to present in his prior action all available claims:

> "The requirement that all available claims be presented in a prisoner's [prior] habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court."

*Orozco-Ramirez*, 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Whether the Court considers the claims raised on the standard § 2254 form or the claims raised in the most recent proposed amendment to this habeas action, the instant federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that petitioner raised or could have raised in his prior petition that the Court found untimely. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine

7

whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B). The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

Although it is appropriate for the Court to dismiss the successive § 2254 petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, it is also appropriate in some circumstances to transfer the successive petition to the Fifth Circuit for a determination of whether petitioner should be allowed to file the successive motion in the district court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice of transferring a successive petition to the Circuit and establishing procedures in the Circuit to handle such transfers). In this instance, it appears more appropriate to dismiss the instant federal petition without prejudice than to transfer it to the Fifth Circuit Court of Appeals. First, such dismissal will give petitioner an opportunity to draft a motion for authorization to raise the specific claims that he wants to present in his federal petition – thus avoiding possible confusion due to the various attempted amendments in this action. Such dismissal also eliminates any need for a formal ruling from this Court on his pending motion to amend. In addition, by filing this petition to challenge a 2001 conviction based upon facts that were known long ago, petitioner has abused the judicial process.[3]

Because the petition sought to be filed in this action is successive, and because the Fifth Circuit has not granted petitioner authorization to file a successive petition, the Court should dismiss

---

[3] This Court previously dismissed a prior petition as untimely. There is ample reason to believe the instant petition is likewise untimely. The Court may not, however, consider the timeliness of a successive petition without the requisite pre-approval of the Fifth Circuit Court of Appeals.

8

the instant action without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals. If the Court dismisses this action as recommended, it should deny all pending motions.

## VII. SANCTIONS

As noted above, petitioner has filed two prior habeas actions relating to his 2001 aggravated sexual assault conviction which he challenges herein. Petitioner, furthermore, has a history of abusive litigation, as reflected by his bar to proceeding *in forma pauperis* in civil actions by 28 U.S.C. § 1915(g). In an effort to avoid future unnecessary and abusive filings, the Court thus considers the propriety of sanctions.

The federal courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests." *In re Sindram*, 498 U.S. 177, 179-80 (1991).

In view of petitioner's litigation history, the Court deems it appropriate to admonish or warn him that sanctions may be imposed, if he files another successive habeas petition without first obtaining authorization from the Fifth Circuit. Not only has petitioner ignored the prohibition against second or successive petitions under § 2244 without obtaining Fifth Circuit approval, he has

9

attempted to circumvent such prohibition by bringing the present action under § 2241.  Should he persist with his legal maneuvering, he should be monetarily sanctioned and barred from filing any additional habeas or civil actions in federal court without first obtaining permission from the Court.

## VIII.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the Court **DISMISS** the instant action without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals.  The Court should also **WARN** petitioner that, if he files another successive habeas petition without first obtaining leave from the Fifth Circuit, he will be subject to sanctions, up to and including monetary sanctions payable to the Court and being barred from filing any additional habeas or civil actions in federal court without first obtaining permission from the Court.

**SIGNED this 23rd day of October, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE